FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 SEP 19 PM 3: 44

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL BUTT,<br><br>  Defendant. | 4:23CR 3108<br><br>INDICTMENT<br>18 U.S.C. § 1014<br>15 U.S.C. § 714m(c)<br>18 U.S.C. § 152(3) |

The Grand Jury charges that

## INTRODUCTION

At all times material herein:

1.      The United States Department of Agriculture (USDA), Commodity Credit Corporation funds government funded loans to farmers, which is administered by the Farm Service Agency (FSA). The FSA has the responsibility for approving, collecting, servicing, and liquidating all loans made or insured by the FSA under the various farm loan programs of the USDA. The objective of the FSA loan program is to provide credit and management assistance to farmers and ranchers to become operators of family-sized farms or continue such operations when credit is not available elsewhere.

2.      The FSA is the successor agency of the Farmers Home Administration, and an agency of the United States Department of Agriculture within the meaning of 18 U.S.C. § 1014. The United States Department of Agriculture's Secretary of Agriculture acts through the Farm Service Agency.

3.      A Request for Direct Loan Assistance, form FSA-2001, is an application form used by the FSA that all individuals and businesses applying for FSA loans must complete. This form

1

requires applicants to provide their full names and personal identifying information as well as other names they use to conduct business, the purpose for the loan, and a description of the farming operation. The FSA relies on form FSA-2001 and other forms when determining whether an applicant qualifies for the FSA farm loan.

4. A Balance Sheet is a form used by FSA that lists an individual's financial obligations, including but not limited to assets and liabilities. FSA uses this form to determine loan origination by assessing the borrower's assets and liabilities in relation to the loan and the viability of the borrower's ability to repay the loan. A borrower must sign this form, certifying the information provided is accurate and correct.

5. A Notification of Loan Approval and Borrower Responsibilities, form FSA-2313, is a form used by FSA that all borrowers receiving an FSA loan must sign. Form FSA-2313 notifies the borrower of the basic terms, conditions, and borrower responsibilities in using the loan funds. These responsibilities include using the loan funds for only specific purposes.

6. A Security Agreement, form FSA-2028, is a form used by FSA to list all collateral, including the proceeds from any sale of said collateral, and including assets provided by the borrower as collateral to secure the FSA loan. A borrower must sign form FSA-2028 certifying the information provided is correct and must agree to use loan funds toward the purposes for which they were advanced. FSA relies on form FSA-2028 as a blanket lien on all crops, equipment, and livestock that the borrower currently owns or acquires thereafter that is pledged as collateral for a promissory note.

7. An Agreement for the Use of Proceeds and Security, form FSA-2040, is a form used by FSA that all borrowers receiving an FSA loan must complete and sign. Form FSA-2040 states all money loaned by FSA is to be use for its specified purpose, such as growing crops. A

borrower must sell the collateral in his or her name and have his or her name and FSA's name listed as payee on any checks received for the sale of collateral.

8.   In 2015 and continuing through 2018, the Defendant resided in Hall County, Nebraska. From 2016 through 2018, the Defendant conducted farming operations in Hall County, Nebraska and Merrick County, Nebraska.

9.   The Defendant sought a farm loan from FSA on two occasions since 2015. First, on December 28, 2015, in the District of Nebraska, Defendant completed the Request for Direct Loan Assistance, form FSA-2001, for 2016 operating expenses. Second, on November 29, 2017, in the District of Nebraska, the defendant completed the Request for Direct Loan Assistance, form FSA-2001, for 2018 operating expenses. On both form FSA-2001 loan applications, Defendant initialed every page and signed the forms certifying the information provided on the forms was true, complete, and correct. The form FSA-2001 loan applications were submitted to the Hall County, Nebraska FSA office and were signed by an FSA Farm Loan Officer.

10.  FSA approved both loans and disbursed funds to Defendant. On February 10, 2016, Defendant was approved for an FSA operating loan (loan 44-01) in the amount of $260,000 for 2016 operating expenses. On January 3, 2018, Defendant was approved for an FSA operating loan (loan 44-02) in the amount of $183,000 for 2018 operating expenses.

11.  On February 10, 2016, and January 3, 2018, respectively, in the District of Nebraska, the Defendant signed the Notification of Loan Approval and Borrower Responsibilities, the Agreement for Use of Proceeds and Security, Security Agreement, and Promissory Note for the loans certifying the information provided on the forms were true, complete, and correct, for loans 44-01 and 44-02. The FSA Farm Loan Officer also signed the Notification of Loan Approval and Borrower Responsibilities forms for both loans.

12. By signing the Notification of Loan Approval and Borrower Responsibilities, Defendant agreed to use the loan funds for the specified purposes and abide by the terms of the Agreement for Use of Proceeds and Security for these loans.

13. By signing the Security Agreements, the Defendant certified that the assets listed on the Security Agreements were owned by him and were collateral for the loans. The Notification of Loan Approval and Borrower Responsibilities for loans 44-01 and 44-02 specifically provided that the loan proceeds were to be used only for 2016 operating expenses and 2018 operating expenses as listed in the Farm Business Plan, Projected Annual Cash Flow documents signed by the Defendant on February 10, 2016 (loan 44-01) and January 3, 2018 (loan 44-02). The Notification of Loan Approval and Borrower Responsibilities for loans 44-01 and 44-02 specifically provided that Defendant needed approval from FSA, in advance, if those funds were needed for a different purpose.

## COUNT I

14. The allegations contained in paragraphs 1 through 13 of this Indictment are reincorporated as if fully set forth herein.

15. On or about December 28, 2015, and continuing to on or about February 16, 2016, in the District of Nebraska, the Defendant, DANIEL BUTT, did knowingly make and cause to be made, a materially false statement regarding livestock he owned, to the FSA, which FSA office was located in Hall County, Nebraska, the successor agency of the Farmers Home Administration, and an agency of the United States Department of Agriculture, for the purpose of influencing the action of the FSA in connection with a loan to the Defendant, in that he signed the loan 44-01 Balance Sheet, dated December 30, 2015, certifying that he owned $26,100 in livestock assets and signed the Farm Business Plan, Projected Annual Cash Flow on February

10, 2016 certifying a projected cash flow of $12,645 in livestock proceeds, whereas, in truth and in fact, as Defendant did not own any cattle and did not have any projected livestock proceeds.

All in violation of Title 18, United States Code, Section 1014.

## COUNT II

16. The allegations contained in paragraphs 1 through 13 of this Indictment are reincorporated as if fully set forth herein.

17. On or about November 27, 2017, and continuing to on or about January 3, 2018, in the District of Nebraska, the Defendant, DANIEL BUTT, did knowingly make and cause to be made, a materially false statement regarding livestock and equipment owned and financial liabilities, to the FSA, which FSA office was located in Hall County, Nebraska, the successor agency of the Farmers Home Administration, and an agency of the United States Department of Agriculture, for the purpose of influencing the action of the FSA in connection with a loan to the Defendant, in that he signed the loan 44-02 Balance Sheet, dated November 27, 2017, certifying that he owned $65,000 in livestock and a tractor valued at $5,000, and that he had no outstanding financial liabilities, other than what was reported, whereas, in truth and in fact, the Defendant did not own a tractor nor did he own any livestock, had materially understated accounts payable, and had an undisclosed amount of unsecured personal debts.

All in violation of Title 18, United States Code, Section 1014.

## COUNT III

18. The allegations contained in paragraphs 1 through 13 of this Indictment are reincorporated as if fully set forth herein.

19. On or about October 1, 2018, and continuing to on or about October 25, 2018, in the District of Nebraska, the Defendant, DANIEL BUTT, did willfully convert to his own use

approximately 11,800 bushels of soybeans worth more than $500 that was mortgaged and pledged to the Commodity Credit Corporation, through the Farm Services Agency, United States Department of Agriculture as security, listed on the signed Security Agreement, form FSA-2028, for a promissory note in the amount of $183,000, in that he deposited and spent the proceeds from the sale of approximately 11,800 bushels of collateralized soybeans on personal expenses and unsecured personal debt and failed to remit the proceeds to Commodity Credit Corporation in violation of the Agreement For Use of Proceeds and Security, form FSA-2040, signed by the defendant on January 3, 2018.

All in violation of Title 15, United States Code, Section 714m(c).

## COUNT IV

20.     The allegations contained in paragraphs 1 through 13 of this Indictment are reincorporated as if fully set forth herein.

21.     On or about August 9, 2021, in the District of Nebraska, the defendant DANIEL BUTT, did knowingly and fraudulently make a material false declaration and statement under penalty of perjury as permitted under Section 1746 of Title 28 of the United States Code, in his Chapter 7 bankruptcy case at Case Number 21-40751 in the United States Bankruptcy Court for the District of Nebraska, in that the defendant DANIEL BUTT did, while testifying under oath during a U.S. Trustees § 341 Meeting of Creditors regarding the disposition of collateralized grain, testify that he did not sell collateralized grain under any name or names other than his own name or the names M.B. or G.O., whereas, in truth and in fact, the Defendant sold approximately $17,600.00 in collateralized grain under the names R.B. and M.B. between October 2016 and November 2017.

22.     All in violation of Title 18, United States Code, Section 152(3).

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Lincoln, Nebraska, pursuant to the rules of this Court.

*Danielle Eliam #25658*
DANIEL PACKARD, #21991
Assistant U.S. Attorney