IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL BUTT,<br><br>    Defendant. | 4:23-CR-3108<br><br>TENTATIVE FINDINGS |

  The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 36) and moved for a downward variance (filing 34).

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has objected to the presentence report's calculation of the adjusted offense level. Filing 36; *see* filing 35 at 2-5. The Court's tentative conclusion is that the defendant's objection lacks merit.

    Let's start with the presentence report. The defendant pled guilty to two counts of the indictment: Count I (False Statement on a Loan and Credit Application, in violation of 18 U.S.C. § 1014), and Count IV (Bankruptcy Fraud, in violation of 18 U.S.C. § 152(3)). *See* filing 27. The presentence report groups those counts pursuant to U.S.S.G. § 3D1.2(d), because the offense level is determined largely based on the total amount of loss. The defendant does not object to that grouping.

    From there, the presentence report establishes the base offense level pursuant to U.S.S.G. § 2B1.1, which is the applicable guideline for both offenses. *See* U.S.S.G. App'x A. The base offense level is 7, because the

statutory maximum term of imprisonment for Count I is 20 years or more. *See* § 2B1.1(a)(1). The agreed-upon loss for Count I is $181,263.62, resulting in a 10-point adjustment pursuant to § 2B1.1(b)(1)(F). And then the presentence report adds a 2-level adjustment pursuant to § 2B1.1(b)(9) for an offense involving a misrepresentation during a bankruptcy proceeding, resulting in an adjusted offense level of 19 and eventually, after some deductions that aren't disputed, a total offense level of 14.

It's the application of specific offense characteristics that the defendant takes issue with. The defendant wants to separate Count I and Count IV: He says that while the loss attributable to Count I is $181,263.62, the loss attributable to Count IV is only $17,635.41. Filing 35 at 2. And the 2-point adjustment for a misrepresentation during a bankruptcy proceeding, according to the defendant, only applies to Count IV. Filing 35 at 3. So by his math, the adjusted offense level for Count I is only 17, and for Count IV it's only 12. Filing 35 at 3-4. So, he thinks the total offense level should be 12. Filing 35 at 5.

But that overlooks the commentary to § 3D1.3. Specifically, when offenses are grouped pursuant to § 3D1.2(d), "the offense level applicable to a Group is the offense level corresponding to the aggregated quantity" and "[w]hen the counts involve offenses of the same general type to which different guidelines apply, apply the offense guideline that produces the highest offense level." And the commentary provides that "[w]hen counts are grouped pursuant to § 3D1.2(d), the offense guideline applicable to the aggregate behavior is used. . . . Determine whether the specific offense characteristics or adjustments from Chapter Three, Parts A, B,

- 3 -

and C apply based upon the combined offense behavior taken as a whole." § 3D1.3 cmt. n.3; *see also* U.S.S.G. § 1B1.3(a)(2).

In other words, the total loss attributable to all the grouped counts, and the specific offense characteristics applicable to all the grouped counts, are considered together to create "a single offense for purposes of sentencing." U.S.S.G. § Ch. 3, Pt. D intro. cmt.; *see United States v. Pennington*, 168 F.3d 1060, 1067-68 (8th Cir. 1999); *see also, e.g.*, *United States v. Palmer*, 796 F. App'x 573, 577 (11th Cir. 2019); *United States v. Weiss*, 754 F.3d 207, 216 (4th Cir. 2014); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. David*, 940 F.2d 722, 741 (1st Cir. 1991).[1] That, in the Court's understanding, is exactly what the presentence report has done. Accordingly, the Court's tentative finding is that the defendant's objection lacks merit.

The defendant's objection also suggests that the guidelines range should be adjusted or departed from to give credit for restitution payments. Filing 36 at 2. But while that might support a variance from the guidelines range, the Court's first responsibility is to determine the advisory sentencing range as recommended *by the Guidelines*. *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010). The Court will

---

[1] There's also a colorable argument that all of the defendant's conduct could be considered related conduct pursuant to § 1B1.3(a) even without the grouping, under the umbrella of a scheme to dispose of assets that should have been used to repay loans (whether that involved misrepresentations to lenders on loan applications or in the bankruptcy court). *See United States v. French*, 46 F.3d 710, 717 (8th Cir. 1995); *United States v. Waldner*, 564 F. Supp. 2d 911, 931-32 (N.D. Iowa 2008), *aff'd,* 580 F.3d 699 (8th Cir. 2009); *see also United States v. Topilina*, 713 F. App'x 689, 690 (9th Cir. 2018); *United States v. Eddy*, 102 F. App'x 643, 646-47 (10th Cir. 2004).

consider the defendant's payments made before sentencing under § 3553(a), but will overrule the defendant's objection because the defendant has identified no Sentencing Guideline directing the Court to adjust the advisory guidelines range based on such payment.

Finally, the defendant has moved for a downward variance based on his personal circumstances and the circumstances of the offense, including his willingness to pay restitution. Filing 34; *see* filing 35 at 5-9. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 16th day of May, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge